## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**TAMMY MESSMER**                                                           **PLAINTIFF**

**V.**                              **NO. 4:20-cv-01330-KBG-ERE**

**COMMISSIONER OF**
**SOCIAL SECURITY ADMINISTRATION**                          **DEFENDANT**

## <u>RECOMMENDED DISPOSITION</u>

This Recommended Disposition (Recommendation) has been sent to United States District Judge Kristine G. Baker. Either party may file written objections to this Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

## I.   <u>Introduction</u>:

On August 13, 2015, Tammy Messmer filed a Title II application for disability and disability insurance benefits and a Title XVI application for supplemental security income benefits. (Tr. at 106). In both applications, she alleged disability

beginning on June 1, 2015. *Id*. An administrative law judge (ALJ) denied her applications in a decision dated January 19, 2018. (Tr. at 116). That decision became final when Ms. Messmer failed to file a timely appeal. (Tr. at 11).

On March 2, 2018, Ms. Messmer again filed both a Title II and a Title XVI application for benefits. *Id*. She alleged disability beginning on June 2, 2015. *Id*. After her applications were denied initially and upon reconsideration, a second ALJ conducted a hearing on January 15, 2020. *Id*. At the hearing, Ms. Messmer requested that the ALJ amend her alleged onset date to March 2, 2018. *Id*. The ALJ declined to amend the onset date. *Id*.

In a decision dated February 28, 2020, the second ALJ declined to reopen the prior decision, and he found that Ms. Messmer was not disabled from January 20, 2018 through February 28, 2020, the date of the decision.[1] (Tr. at 11-23). The Appeals Council found no reason to disturb the second ALJ's decision. (Tr. at 1). Thus, the second ALJ's decision now stands as the final decision of the Commissioner.

For the reasons stated below, this Court should reverse the second ALJ's decision and remand for further review.

---

[1] The second ALJ explained that the new relevant time-period began on January 20, 2018, the day after the first ALJ's final decision. (Tr. at 11).

## II.   **The Commissioner's Decision**:

The first ALJ found that Ms. Messmer, who was born on November 18, 1969, had the following severe impairments: degenerative disc disease, right shoulder impairment, and anxiety.[2] (Tr. at 108). After finding that Ms. Messmer's impairments did not meet or equal a Listing, the first ALJ assigned a residual functional capacity (RFC) for sedentary work with postural limitations. (Tr. at 110). Next, he determined that Ms. Messmer was unable to perform any of her past relevant work. (Tr. at 114). Based on testimony from a Vocational Expert (VE), and considering Ms. Messmer's age, education, work experience, and RFC, the first ALJ found that there were jobs in the national economy that Ms. Messmer could perform, such as fishing reel assembler and machine tender. (Tr. at 115). Therefore, the first ALJ found that Ms. Messmer was not disabled. *Id*.

In the decision dated February 28, 2020, the second ALJ found that Ms. Messmer had not engaged in substantial gainful activity since January 20, 2018. (Tr. at 14). He determined that she had the following severe impairments: disorders of

---

[2] The ALJ followed the required five-step analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment (Listing); (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

the back, right fifth closed metatarsal fracture, and adjustment disorder with anxiety. *Id*.

After finding that Ms. Messmer's impairments did not meet or equal a Listing (Tr. at 14), the second ALJ determined that she was able to perform work at the light exertional level, with exceptions: (1) she is limited to occasional stooping, crouching, and balancing; (2) she can occasionally climb ladders, ropes or scaffolds, and can occasionally climb ramps or stairs; (3) she cannot engage in frequent overhead reaching with the right upper extremity; (4) she is limited to semi-skilled work, where interpersonal contact is routine but superficial, and where the complexity of tasks is learned by experience and involves several variables and uses judgment within limits, and where the supervision required is little for routine but detailed for nonroutine tasks. (Tr. at 16).

The second ALJ next found that Ms. Messmer was capable of performing past relevant work as a production assembler, which is an unskilled, light RFC job. (Tr. at 21). At step five, the ALJ relied upon the testimony of the VE to find that, considering Ms. Messmer's age educational work experience and RFC, jobs existed in significant numbers in the national economy that she could perform, such as general inspector and electronics assembler, which are semi-skilled, light RFC jobs. (Tr. at 22). Therefore, the second ALJ found that Ms. Messmer was not disabled

from January 20, 2018 through February 28, 2020, the date of his decision. (Tr. at 22-23).

## III. **Discussion**:

A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'"

*Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477.

B.   Ms. Messmer's Arguments on Appeal

Ms. Messmer contends that the evidence supporting the ALJ's decision to deny benefits is less than substantial. She argues that: (1) the ALJ failed to consider her impairments in combination; (2) the ALJ failed to properly analyze Ms. Messmer's subjective complaints; (3) the ALJ erred in finding that Ms. Messmer could perform past relevant work; (4) the ALJ erred in finding that Ms. Messmer could perform work at the light exertional level; and (5) the ALJ neglected to apply the doctrine of collateral estoppel to the determination of the prior application for benefits. The Court finds support for Ms. Messmer's final argument.[3]

---

[3] Because the Court finds that the doctrine of collateral estoppel applies, the second ALJ's

The medical condition that serves as the basis for this reversal is Ms. Messmer's back condition.[4] She had increasing back pain since 2015, and multiple treatment modalities failed, including physical therapy, steroid injections, facet blocks, and the use of a TENS unit and strong narcotics. (Tr. at 142-188, 1010-1055). Consequently, Ms. Messmer underwent a lumbar laminectomy in June 2018. (Tr. at 1026, 1027). Dr. Justin Seale, who performed that surgery, noted in July 2018 that Ms. Messmer did not improve after the surgery. (Tr. at 701-702). He said, "Overall, she is no better at all." *Id*. He recommended facet blocks and rhizotomies. *Id*. In August 2018, Ms. Messmer's primary care physician, Dr. Nosheen Mian, observed a positive straight-leg raise test and pain with range of motion in her back and neck. (Tr. at 972-974). He recommended that she use a cane. *Id*.

Dr. Gary Frankowski, a pain management specialist, saw Ms. Messmer regularly in 2018 and 2019. (Tr. at 1010-1035, 1265-1282). He copied Dr. Seale on his clinic notes. At a visit in February 2019, Ms. Messmer reported only 30% improvement in pain with facet injections, and she said that "nothing really helps." (Tr. at 1035). Dr. Frankowski noted that Ms. Messmer had fallen multiple times,

findings with respect to past relevant work and Ms. Messmer's RFC are called into question.

[4] *See Noerper v. Saul*, 964 F.3d 738, 741 (8th Cir. 2020)("Although our detailed discussion is targeted, we have considered the claimant's arguments and the record as a whole as to all of her impairments and their cumulative effect on her limitations.")

which exacerbated her pain. (Tr. at 1030-1035, 1273-1274). Dr. Mian noted another positive straight-leg raise test in December 2019, and he noted that range of motion exercises elicited neck pain. (Tr. at 1272-1274).

A lumbar MRI taken on May 10, 2019 showed mild degenerative disc disease with foraminal stenosis and impingement on the nerve root. (Tr. at 1208). The second ALJ did not mention this MRI. In denying benefits, he cited to relatively normal musculoskeletal examinations; he did not cite to Dr. Seale's statement that the surgery he performed in 2018 did not improve Ms. Messmer's overall symptoms.[5] (Tr. at 1282). The medical evidence echoed what Ms. Messmer said at the hearing: Treatment did not relieve her pain, her back and neck pain radiated to her arms and legs and interfered with sleep, and she was limited in the daily activities she could perform due to pain. (Tr. at 81-93). The bottom line is that aggressive treatment such as surgery, strong medication, TENS unit use, facet blocks, and steroid injections did not improve Ms. Messmer's condition.

---

[5] Dr. Seale wrote a letter on October 14, 2019, which was vague and internally inconsistent; he stated that while the back surgery did not improve Ms. Messmer's pain and that her prognosis was difficult to ascertain, the objective findings "do not support the inability to perform some sort of productive occupation." *Id*. The second ALJ found this letter persuasive. (Tr. at 20, 1282). Dr. Lynnah Selman, Ms. Messmer's psychiatrist, authored a letter dated September 19, 2019, which the second ALJ found to be unpersuasive. (Tr. at 20, 1226). Dr. Selman noted that she had overseen treatment of Ms. Messmer for three years (Ms. Messmer spent five days in an inpatient psychiatric unit in March 2019 after a suicide attempt) and that there was "little hope of improvement" for Ms. Messmer due to severe pain and mental health issues. *Id*.

The doctrine of collateral estoppel prohibits the retrial of an issue that has previously been decided. *Gavin v. Heckler*, 811 F.2d 1195, 1200 (8th Cir. 1987). Absent improvement in medical condition, an ALJ is bound by the factual findings of a prior ALJ. *Smith v Berryhill*, No. 3:16-cv-00156-DPM-JTK (E.D. Ark. May 11, 2017) (second ALJ was bound by first ALJ's RFC finding, because there had been no medical improvement) (citing *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir. 1997) (first ALJ found claimant could perform sedentary work and second ALJ found claimant could perform medium work, but because the Commissioner did not show medical improvement, the second ALJ erred in his RFC determination); see also *Lively v. Secretary of Health & Human Servs*. 820 F.2d 1391, 1392 (4th Cir. 1987) (first ALJ found claimant could perform light work and second ALJ improperly found claimant could perform medium work). In this case, the first ALJ assigned an RFC for sedentary work. (Tr. at 16, 110). Mr. Messmer's condition did not improve and may have become worse. The second ALJ clearly erred when he found that Ms. Messmer could perform work at the light level, contrary to the first ALJ's determination that she could perform only sedentary work, with postural limitations. *Id*. Therefore, reversal is warranted.

## III. <u>Conclusion</u>:

For the reasons stated above, the Court finds that the ALJ's decision is not

supported by substantial evidence. The first ALJ's RFC determination was binding on the second ALJ because no medical improvement occurred.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be REVERSED and the case be REMANDED for further review.

DATED this 30th day of June, 2021.

_____
UNITED STATES MAGISTRATE JUDGE